FELLOWS et al. v. MULLIGAN et al. (two cases).

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

VENDOR AND PURCHASER (§ 82*)—CONTRACTS—CONSTRUCTION—NOTES FOR PRICE—CONSIDERATION.

> Contracts by which plaintiffs agreed to sell certain lots to defendants for $375 each provided that if the purchaser defaulted in one or more of the payments, and such default continued for 60 days, the seller at his option might either declare all payments made forfeited, or the balance of the price immediately due and payable in full at the expiration of 30 days from the date of the contract. Plaintiffs demanded payment of the contract price and tendered deeds; but defendants, not being ready to pay the cash consideration, executed notes therefor. *Held*, that the cash consideration was payable either immediately on the execution of the contract or 30 days thereafter, and hence plaintiffs' agreement to postpone payment to a definite date 17 days thereafter was a valid consideration for the notes.

> [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 138, 139; Dec. Dig. § 82.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Actions by John A. Fellows and another against Kate Mulligan and another. Judgments for defendants, and plaintiffs appeal. Reversed, and new trials ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Lucille Pugh, of New York City, for appellants.
Conklin & Reid, of New York City, for respondents.

LEHMAN, J. The plaintiffs have brought two actions against these defendants, each action being based upon a note signed by one defendant and indorsed by the other. The defendants set up the defenses of fraud and lack of consideration. At the trial the complaint was dismissed at the close of the whole case, on the ground that as a matter of law it appears that there was no consideration for these notes, and that there was therefore no question of fact for the jury.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon the dismissal of the complaint, the plaintiffs are entitled to the most favorable inferences to be drawn from the testimony, and for the purpose of this appeal we may therefore regard the following facts as established: The plaintiffs on January 6, 1912, entered into a written contract with the defendants to sell each of them certain lots of land. The defendants each agreed to pay therefor the sum of $375 in cash. The contract provided that:

"If the purchaser defaults in one or more payments, and such default continues for 30 days, the seller may at its option either declare any and all payments made to be forfeited and the contract no longer in force, or it may elect to declare the balance of said purchase price immediately due and payable in full. It is further agreed that, when payment in full has been made according to the contract, a full-covenant and warranty deed shall be given to the purchaser for the above-mentioned lots."

On February 6th the plaintiffs demanded payment of the contract price and tendered the deeds, but the defendants were at that time not ready to pay the cash consideration. Each of the defendants then executed and delivered her promissory note, payable on February 23d and indorsed by the other defendant. These notes are the notes in suit.

It appears to me that the plain construction of the contract is that the cash consideration was payable either immediately on the execution of the contract or 30 days thereafter. Even if time was not of the essence of this contract, the plaintiffs were not bound to postpone payment to a definite date 17 days thereafter, and when they did postpone the payment by accepting these notes the postponement operated as a valid consideration for the notes.

The judgments should therefore be reversed, and new trials ordered, with costs to appellants to abide the event. All concur.